By the Court.
Duer, J.
We cannot suppose that the learned judge who tried this cause, when he instructed the jury to find a verdict for the defendant, meant to deny their exclusive right to decide upon the facts of the case, but in reality there were no facts in dispute, since the witness on the part of the defendant, by whom all the material circumstances were proved, was not impeached nor contradicted. The fair interpretation of the judges’ charge, therefore, is, that assuming-the truth of the facts to which the witness had sworn, the defendant was in law entitled to a verdict, and it is upon the propriety of this direction to the jury that the case, as presented'to us, wholly turns.
There is no weight in the objection that the evidence of the witness Barnum Cole ought to have been rejected, as incon *82 sistent with the 'relative- dates1 of. the note in* suit andthe deed of composition signed by the creditors. The date of'an-instrument In writing is only presumptive evidence: of the time- of its actual" execution, and it is settled -and -familiar law, that this presumption, whenever fraud or mistake is alleged, may be contradicted-by parol evidence. • Were it otherwise, were the dates and the-contents of written instruments to be held itt all cases to be conclusive, relief upon the:-ground of fraud .or mistake would -soon become an-obsolete title- in the-law¡. The jurisdiction would continue to exist, but would be limited in its actual exercise to the .rare cases in‘which the fraud is apparent upon the face of the instrument.
-We shall, therefore, proceed to consider--that which we have stated as the only question ‘which the case presents, namely; whether the judgewas right- in.-saying- to the jury that, upon the testimony, the note in > suit- was- given for amunlawful-purpose, and was; therefore, void. It is-needless to'repeat the facts upon which the question arises, si nee. it-would hardly.be possible to. state them more succinctly and clearly than they appear in the* testimony of the witness. It is sufficient to say; that the note in suit was given to the plaintiff to induce him to sign the composition deed; and that this agreement was kept secret from the other creditors.
-The learned- counsel for the plaintiff admitted the general rule as- stated by Chief Justice Nelson, (lO Wetid. 47-9,) namely, that when there is' a-composition- with creditors; every security given to an individual creditor, for a larger ¡amount-than-the composition deed purports- to secure, and- without the knowledge -of the other creditors;-is inoperative and void; but he insisted that the rule.is-onlyapplicable where the transaction operates as a fraud upon-the other creditors; from its tendency-to diminish the fund which-’the composition .deed provides,-or to-lessen the ability of the debtor to meet-.its .stipulated payments ;■ and he urged that as¡-iri the-present-case these1’consequences- could mot -possibly follow,, it ought not to be considered as embraced within the general-rule:'" Here the creditor .relied- for the payment of the composition solely- upon' the notes :of -Barhum Cole,1 and it was *83 assumed to be clear that the value of this security was not at all affected by- the note given -by the defendant to the plaintiff.
Could we admit the premises of the counsel — his exposition of the meaning of the rule — we should still be compelled to deny his .conclusion. Although. the defendant was discharged from all direct liability to the other creditors, it by no means follows that the effect of the additional security which the plaintiff obtained from him, was not ■ to. diminish the value of that upon which these creditors relied. The. defendant, as the notes of his brother, Barnum Cole, were .given-at his request, was bound to reimburse him, and, so far as his.means extended, was bound to supply the funds for the payment of these notes as they arrived at maturity. The ability of Barnum to meet the notes may have depended, wholly or in part, upon the moneys which the defendant was expected to pro vide,, and we have no right to say that the creditors did .not Took to the means, which the defendant was bound to place, in the hands of his brother, as a portion of the security upon -which they relied. , Hence the note, of the defendant, as it diminished his ability to reimburse his brother, diminished in the same proportion the value of the security which his brother gave-to the creditors.
It is needless, -however, to dwell upon this topic. The argument ,of the plaintiff’s counsel is not only illogical in its conclusion, but is unsound in its premises. The wise-and salutary rule which we are bound to follow, is far from resting upon the narrow foundation that.the counsel supposed. Whenever a composition is made with creditors, every agreement or arrangement,, by which an advantage, is -secured.to. any one or -more of the creditors, which, is. denied-to others, is, a fraud upon the creditors .from whom it .is concealed, although it neither has, nor can .have, the effect-of depriving them of any portion, of the amount which they -had agreed to. receive. , It is in all cases the-concealment of a fact, which, it was material for. them to know, and the knowledge of,which might have.prevented them from assenting to the composition. (Britton v. Hughes, 5 Bing. 466, per Best, C. J.) .Every composition deed is in its spirit,Tf not in its terms, an agreement'-between the creditors;themselves as *84 well as between them and the debtor. It is an agreement that each shall receive the sum, or the security which the deed stipulates to be paid or given, and nothing more, and that upon this consideration the debtor shall be wholly discharged from all the debts then owing to the creditors who signed the deed. An additional security, therefore, secretly given to a particular creditor, violates the equality on the faith of which the other creditors consented to sign, and when the security is taken from the debtor himself, it is inconsistent with the entire discharge which the deed purports to secure to him, and which, we are bound to presume, was contemplated "by all who signed it. Hence, either the composition deed itself, upon the ground of the failure of one or more of the considerations upon which it was founded, or the private agreement which seeks to evade, and if valid, would defeat it, must be set aside, and sound policy and the principles of good faith plainly require that the latter course should be followed. It is perfectly just that every creditor who signs a composition deed should be estopped from setting up any private agreement repugnant to its terms or inconsistent with its intention and spirit, and we have no hesitation in holding, that every private agreement which secures to a creditor any benefit or advantage whatever which is withheld from other creditors is of this character, and consequently, that every security which is the fruit of such an agreement is illegal and void.
Prom the multitude of decided cases upon this subject, we shall select a few, which will be found to sustain very clearly and'fully all the positions that we have stated. Smith v. Bromley, (Douglas, 696, n.,) is one of the "earliest of these cases. 1 The defendant had -refused to sign the certificate of a bankrupt, until the plaintiff, who was a sister of the bankrupt, had consented to pay him a portion of the debt, and the action was brought to recover back the moneys so paid. It was strongly urged upon the part of the defendant, that this payment was not á fraud upon the other creditors who signed the certificate, since the money paid being that of a third person, and the payment being voluntary, there was no possible diminution of the *85 effects of the bankrupt, which was the only fund upon which those creditors relied; but notwithstanding this objection, the jury, under the direction of Lord Mansfield, found a verdict for the plaintiff; and in a subsequent case, Jones v. Barkley, (Douglas, 684,) the court of King’s Bench adopted and followed his decision.
In Cecil v. Plaistow, (1 Anstruther, 202,) the defendant had signed with all the other creditors a composition deed, by the terms of which, however, the creditors did not agree to abate any portion of their demands, but only to receive the whole amount in successive instalments. The defendant inserted in the schedule annexed to the deed, only a portion of his debt, keeping back and concealing from the other creditors the residue of his demand, for which he had obtained from the debtor a separate bond. The court of exchequer held that the security retained was rendered void by the concealment, upon the ground that the concealment gave a superior advantage to the defendant, and was, therefore, a fraud upon the other creditors, and that in all cases, a creditor who signs a composition deed is estopped from setting up any other claim or demand than that which is there disclosed. Cecil v. Plaistow was decided partly on the authority of Middleton v. Lord Onslow, (1 P. Will. 768.) In this case the creditors agreed to discharge the debtor upon receiving a certain proportion of their claims from the separate estate of his wife, with her assent and that of her trustees, but some of the creditors withheld their consent to the arrangement until they had privately obtained from the husband his notes and bonds for the payment, at a future day, of the balance of their demands, and upon the petition of the wife and her trustees these securities were ordered to be delivered up to be can-celled.
It was said by the counsel for the plaintiff, that this case was not applicable, as the transaction was held to be void, not as a fraud upon the creditors, but upon the wife and her trustees. It is plain, however, that it was not otherwise a fraud upon them than as it prevented that entire discharge of the debtor which they meant to secure. The case is, therefore, a direct *86 authority to prove that a creditor who has signed a Composition deed, is not permitted by a private agreement with the debtor to take from him any security for any portion of'the debt, which he has consented to release, but- that full effect must be given .to the release by declaring the security so taken to be fraudulent and void. Middleton v. Lord Onslow, in other respects, bears a close analogy to the present case. The composition deed and the securities taken from the-debtor were executed on the same day, and some of the latter were post dated, but they derived no protection from this circumstance, nor does it seem to have occurred to the Lord Chancellor that it precluded an inquiry into their validity.
Knight v. Hunt, (5 Bing. R. 432,) is a remarkable case. - The debtor compounded with his creditors’for 10s. in the pound, for which he gave them his Own notes, signed by the defendant,'as his surety. The plaintiff,; who was a creditor for £300, refused to accede to the proposed composition, until the brother of the debtor spontaneously agreed to supply him with coal equal in value to the residue of the debt. ■ This agreement was not known to the - other creditors, and was fully performed by the brother, by the delivery of the- coal. The plaintiff then-brought his suit against the defendant upon the composition note; and the judges of the common pleas were Unanimously of opinion that he was not entitled to recover; ■
The grounds of the decision were, that the private agreement with the brother was a fraud Upon the other creditors, and that the plaintiff, having-received his 10s.;-in the pound in coal, could not recover- it again in mdney. ■ The note had,- therefore, been satisfied. The chief justice, -(Best,) in' delivering his opinion, said, that it had been argued: that the debtor was not injured, nor the fund for other creditors rendered less available, but while he admitted that these topics'had been urged in some of the cases, he justly observed that it is always a material question whether the judgment of the creditors is not influenced by the supposition that all are- to suffer in the same proportion. When, without any previous contract, a debtor' having discharged his engagements-under the composition deed, honorably adds the *87 remainder, the. case is; clearly- distinguishable, and-.wholly different,- from that, where, by, a previous express contract, the whole.of, his debt, qr an equivalent, is,-secured to a-particular creditor; evidently meaning that- in the latter case the transaction is, in its. essence a, fraud upon the creditors-from whom.it is concealed. -.. It. was: said that:thjs case. is.¡anomalous, and therefore of slight, weight ,as an authority,, but,dn- truth it was only novel-in. its circumstances, and,, as. the chief justice re•marked, was clearly within, the principle to be extracted .from analogous decisions; and in the subsequent-case of Britton v. Hughes, (5 Bing. 465,) this principle was .stated,by -the.same learned .judge in the following terms,: “ That upon a composition deed, all thq, partieé are supposed to stand in the same situ-: ation, and if -there is any one of .them .who .refuses to do. so,-he must announce,-it.at-the.time.” ... - ' . .
The strongest cases .as illustrating, ¡the, cxtent.fo. which this principle, is .carried, and the last .that we shall now cite, are Leicester v. Rose, (4 East. 372,) and Sadler. v. Jackson, ex parte, (15 Vesey, 52.) In each of these cases, a-private/agreement with a particular creditor was- held to be-void, although, its effect was not.,to ,-give, to .the,.creditor, any larger.sum than.all under., the composition deed had agreed to .receive, but. only to provide a-better, security for. .its eventual, payment. . Here there was no diminution of. a common fund, and n.o„ injury- to the debtor, .but, the transaction .was-held to be -void; upon the. single ground that by its concealment the other creditors were deceived and misled.. \ They had .signed the.composition deed in ,the confidence that .under it the rights. of all would be equal, and it was impossible.to say ¡that they would, have signed'it at all,-had it been known to,-them .that a.better security was.¡tobe given to any one-creditor than that which,-by-the.-terms. of the .deed, all had consented, to- take. -. .
No addition can.be. made -to. the authority of .these cases, when we state that, in the first; the decision, was pronounced by .Lord Ellenborough, and in the second, by. Lord Eldon-.- ■ ...
The cases ,in. o.ur own reports,¡although .differing in circumstances, coincide in principle with the EnglishHecisions... -Those: *88 to which we would particularly refer are Payne v. Eden, (3 Caines, 213 ;) Wiggins v. Bush, (12 Johns. 309 ;) and Russell v. Rogers, (10 Wend. 499.) In none of these cases, as we understand them, was the decision of the supreme court placed on the grounds that are now assumed to be the true and sole foundation of the general doctrine. In the last of them, Chief Justice Nelson cites, with marked approbation, several of the English cases, particularly Knight v. Hunt, to which we have referred, and he lays down the general rule in terms that plainly exclude the-limitation to which it is alleged to be subject.
Nor is this all. When an additional security, privately given to a particular creditor, is taken from the debtor himself, it is not merely upon the-ground that it is a fraud upon the creditors from whom it is concealed, that it is held to be void. The creditor, who exacts such a security as the condition of his own assent to a composition deed, takes an unfair advantage of the distressed condition of the debtor. He is guilty of oppression and coercion. The unfortunate debtor is not a free agent, but is subjected to a moral duress, as odious to the law as the grossest fraud. It was upon this ground, and this ground alone, that Mr. Justice Buller placed his opinion in Cockshot v. Bennet, (2 Term R. 763,) using the strong language, that the conduct of a creditor thus abusing his power over the debtor, “ is equivalent to actual compulsionand in Jackson v. Lomas, (4 Term R. 166,) it was upon this ground that the opinions of all the judges were mainly rested.
It is needless to pursue the discussion. It is the clear and inevitable result of the decisions, that where a composition is made with creditors, every security given to a particular creditor, not provided for in the terms of the deed, and not disclosed, is void as a fraud upon the creditors from whom it is concealed, and where it is taken from the debtor himself as a condition of his discharge, is void upon the ground of duress, as well as of fraud. Hence the direction to the jury in this case was exactly such as the law required to be given.
The exceptions to the charge of the judge are overruled, and the motion for a new trial denied.